**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| KENNETH CHILDRESS, | * | |
| | * | |
| *Plaintiff,* | * | |
| | * | Civil Action No. _____ |
| v. | * | |
| | * | **REMOVED FROM THE SUPERIOR** |
| R.B. HINKLE CONSTRUCTION, INC., | * | **COURT FOR THE DISTRICT OF** |
| and JOVEL SANCHEZ. | * | **COLUMBIA** |
| | * | |
| *Defendants.* | * | |
| | * | |

**********************************************************************

### NOTICE OF REMOVAL

Defendant R.B. Hinkle Construction, Inc., by and through undersigned counsel, files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, to remove the above-captioned matter to the United States District Court for the District of Columbia from the Superior Court for the District of Columbia. In support of removal, Defendant states as follows:

1. This matter involves claims for an alleged injury occurring at a construction site at 680 Rhode Island Avenue in the District of Columbia on or about December 4, 2019. *See* Plaintiff's Complaint, ¶¶ 2, 5.

2. On November 2, 2021, Plaintiff commenced this action by filing a Complaint in the Superior Court for the District of Columbia (case number 2021CA004017V) against Defendant R.B. Hinkle Construction, Inc. and Defendant Jovel Sanchez.

3. As set forth in more detail below, this case is properly removed to this Court under 28 U.S.C. §§ 1441 and 1446 because removing Defendant R.B. Hinkle Construction, Inc. has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332.

## THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

4. On December 8, 2021, Defendant R.B. Hinkle Construction, Inc. was served with a copy of the summons, complaint, case information sheet, and initial order and addendum. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant R.B. Hinkle Construction, Inc. are attached as Exhibit 1.

5. Notice of Removal is being timely filed within thirty days of service of the complaint upon Defendant R.B. Hinkle Construction, Inc. as required by 28 U.S.C. 1446(b).

6. Defendant R.B. Hinkle Construction, Inc. is the only defendant that has been properly served in this matter as of the date of this Notice of Removal. Upon information and belief, Defendant Jovel Sanchez has not been properly served in this matter. Defendant Sanchez has not been employed by Defendant R.B. Hinkle Construction, Inc. since February 4, 2021. Upon information and belief, Defendant Sanchez will consent to removal if he is properly served.

7. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel and a copy is also being filed with the Superior Court for the District of Columbia.

## THE COURT HAS SUBJECT MATTER JURISDICTION
## PURSUANT TO 28 U.S.C. §§ 1332 and 1441

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds $75,000 and is between citizens of different states.

10. Plaintiff's Complaint includes claims for negligence and seeks compensatory damages in an amount exceeding $75,000, exclusive of costs and interest. *See* Plaintiff's Complaint, ¶¶ 7-8.

11. Plaintiff is a citizen of Maryland for purposes of diversity. *See* Plaintiff's Complaint, ¶ 2.

12. Defendant R.B. Hinkle Construction, Inc. is a Virginia corporation with its principal place of business located at 400 E. Las Colinas Blvd, #800, Irving, Texas 75039, and is therefore a citizen of Virginia and/or Texas for purposes of determining diversity pursuant to 28 U.S.C. § 1332(c)(1). No Plaintiff is a citizen of Virginia or Texas.

13. Upon information and belief, Defendant Jovel Sanchez is a citizen of El Salvador and was last known to be a domiciled in the State of Virginia.

14. For purposes of diversity jurisdiction, no defendant is a citizen of the District of Columbia, which is the jurisdiction in which this action was originally filed by Plaintiff, and no defendant is a citizen of the State of Maryland, which is Plaintiff's state of citizenship.

15. Consequently, there is complete diversity between the plaintiff and defendants in this action, and this Court has subject matter jurisdiction under 28 U.S.C. § 1332; *see also CostCommand, LLC v. WH Administrators, Inc.*, 820 F.3d 19, 21 (D.C. Cir. 2016) (stating complete diversity among parties means that the citizenship of each plaintiff must be different from the citizenship of each defendant). Complete diversity among the parties existed at the time of filing of Plaintiff's Complaint and exists at the time of filing of this Notice of Removal.

16. Additionally, pursuant to 28 U.S.C. § 88, the above-captioned matter is properly removed to the United States District Court for the District of Columbia as that division includes the entire District of Columbia, which is the state court venue in which the removed action was filed prior to removal.

Dated: January 4, 2022           Respectfully Submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

*/s/ Ryan M. Duffy*
Ryan M. Duffy, Esq. (#1013868)
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
1500 K Street, NW, Suite 330
Washington, D.C. 20005
Tel. 202-626-7663
Ryan.Duffy@wilsonelser.com
Counsel for R.B. Hinkle Construction, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of January, 2022, a copy of the foregoing Notice of Removal was filed electronically with the Court, and was mailed via first-class mail, postage prepaid, to the following:

Stuart Lipshutz, Esq.
111 Rockville Pike, Suite 400
Rockville, Maryland 20850
slipshutz@bml-law.com
Counsel for Plaintiff Kenneth Childress

Defendant Jovel Sanchez
117 Alpine Street
Manassas Park, Virginia 20111

*/s/ Ryan M. Duffy*
Ryan M. Duffy, Esq.